UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, | ) | |
| SECRETARY OF LABOR, | ) | CASE NO. |
| UNITED STATES DEPARTMENT OF LABOR, | ) | 8:22-cv-495 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | **(Injunctive Relief Sought)** |
| THE WICKED TACO, INC. | ) | |
| D/B/A WICKED CANTINA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Martin J. Walsh Secretary of Labor, United States Department of Labor ("the Secretary"), brings this action pursuant to Section 107(b)(2) of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq., (hereinafter the "FMLA" or "the Act"), seeking an award of wages, salary, employment benefits, and other compensation due, and actual monetary losses sustained by the employee as a direct result of the violation, plus interest; and, pursuant to Section 107(d)(1) of the Act, 29 U.S.C. § 2617(d)(1), to enjoin and restrain Defendant Wicked Cantina from violating the provisions of Section 105 of the Act, 29 U.S.C. § 2615, including the restraining or any withholding of payment of wages, salary, employment benefits, or other compensation, plus interest, found to be due to eligible employees; and pursuant to Section 107(d)(2) of the Act, 29 U.S.C. § 2617(d)(2), to award such other equitable relief as may be appropriate, including employment, reinstatement, and promotion.

1.      Jurisdiction over this action is conferred upon the Court by Sections 107(b) and (d) of the Act, 29 U.S.C. §§ 2617(b) and (d), and by 28 U.S.C. §§ 1331 and 1345.

2.     Defendant Wicked Cantina was now and at all times hereinafter mentioned, a full-service restaurant located at 1603 N. Tamiami Trail, Sarasota, Florida, Additionally, Defendant had a second place of business located within seventy-five (75) miles of the aforementioned location in Bradenton Beach, Florida.

3.     Defendant is now, and was at all relevant times, a covered employer as defined by 29 U.S.C. § 2615(a)(1).

4.     Defendant, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

5.      Defendant employed Shannon Ward (Ward) from on or about September 4, 2018 until Defendant terminated Ward on or about March 6, 2020.

6.     Ward was at all relevant times an eligible employee who was employed by the Defendant, a covered employer, as both terms are defined by 29 U.S.C. §§ 2611(2) and by 29 C.F.R. § 825.110(a).

7.     Ward was initially hired by Defendant as a Server. Ward was later promoted to the position of Assistant Manager.

8.     While employed as an Assistant Manager, Ward's supervisor was General Manager Tee Jay Nichols (GM Nichols) at the Bradenton Beach location.

9.     Between February 22, 2020 and February 24, 2020, Ward felt sick, and went to a hospital in Sarasota, Florida on February 29, 2020.

10.     On or about February 29, 2020, Ward was admitted into the hospital as an "inpatient" and was kept for an overnight stay.

2

11.     Ward was released from the hospital on March 1, 2020. Ward left the hospital and went directly to Defendant's job site to advise her employer of the need to take leave from work based on a doctor's recommendation.  Ward had a doctor's note –a note from a health care provider-- recommending a three (3)-day absence from work. Ward offered the note to GM Nichols to support her request for leave.  GM Ward refused to accept the note.

12.     Ward's request for leave was qualifying leave under the FMLA, pursuant to 29 C.F.R. § 825.301.

13.     Based on information and belief, GM Nichols advised Ward that she could not take leave because there was no one to cover the shift. GM Nichols did not advise Ward about Family Medical Leave (FMLA) availability.

14.     GM Nichols was aware that Ward was sick and had a doctor's note to excuse her absence.

15.     On information and belief, GM Nichols knew the employer's requirements under FMLA.

16.     Ward's medical condition was a serious health condition under the Act, pursuant to 29 U.S.C. § 2611(11).

17.     Ward was entitled to leave under the Act due to her serious health condition, pursuant to 29 U.S.C. § 2612(a)(1).

18.     During the applicable time period, Defendant did not have FMLA policies in its employee's handbook and did not provide notice to employees of their rights under FMLA.

19.     Despite her request for absence based on a recommendation from a health care provider, Defendant required Ward to work.  On or about March 2 - 5, 2020, Ward was late for work each day.

20.     On or about March 6, 2020, Defendants alleged that Ward engaged in inappropriate conduct by allegedly spreading rumors about one of the managers.

21.     On or about March 6, 2020, Ward was terminated from work based on tardiness and the alleged inappropriate conduct of spreading rumors.

22.     Prior to March 2, 2020, Ward had been tardy to work; however, Defendant did not counsel or reprimand her regarding the tardiness. Prior to March 6, 2020, Ward had not been counseled or reprimanded regarding any allegations of inappropriate conduct. Prior to March 6, 2020, Defendant had not confronted Ward regarding allegedly spreading rumors.

23.     Instead of engaging Ward to determine whether her leave request qualified for FMLA, Defendant terminated Ward's employment on the fifth day after she asked to be absent from work due to illness.

24.     At the time of her termination, Ward had been employed full-time with Defendant for at least 12 months and had performed at least 1250 hours of service with Defendant during the previous 12-month period. Ward was entitled to leave under the FMLA as provided for in Section 102(a) of the Act, 29 U.S.C. § 2612(a).

25.     By failing to provide notice of employees' rights under the FMLA, Defendant prevented Ward from asserting rights under the Act in that Defendant willfully interfered with, restrained and/or denied Ward the exercise of, or the attempt to exercise, rights provided under Section 105 of the Act, 29 U.S.C. § 2615.

26.     By denying Ward leave time, refusing to accept Ward's doctor's note verifying the need to have leave, information which would have verified her qualification for FMLA, Defendant, as an employer subject to the provisions of the Act, willfully violated the provisions of Section 105 of the Act, 29 U.S.C. § 2615, in that Defendant interfered with, restrained

and/or denied Ward the exercise of, or the attempt to exercise, rights provided under the Act.  In addition, Defendant willfully violated Section 105(a)(2) of the Act, 29 U.S.C. § 2615(a)(2), by discharging or otherwise discriminating against Ward for exercising rights under the Act.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendant as follows:

(a)     an Order pursuant to Section 107(b) of the Act, finding Defendant liable for unpaid wages, salary, bonuses, employment benefits, and other compensation due, and actual monetary losses sustained by the employee as a direct result of the violations, plus liquidated damages and interest calculated at the prevailing rate;

(b)     an Order pursuant to Section 107(d) of the Act, permanently enjoining and restraining the Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with Defendant, from violating the provisions of Section 105 of the Act, 29 U.S.C. § 2615, including the restraining of any withholding of payment of wages, salary, employment benefits, or other compensation, plus liquidated damages and interest, found to be due to eligible employees;

(c)     An Order pursuant to Section 107(d)(2) of the Act, awarding equitable relief as may be appropriate, including employment, reinstatement, and promotion, or front pay in lieu of this relief; and

(d)     An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this 1st day of March 2022.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, Georgia 30303


Telephone:
(404) 302-5454
(404) 302-5438 (FAX)

Email:
hollins.cordelia.r@dol.gov
Atl.fedcourt@dol.gov
hollingsworth.charna@dol.gov

SEEMA NANDA
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

CHARNA C. HOLLINGSWORTH-MALONE
Deputy Regional Counsel

BY: /s/ *C. Renita Hollins*
          C. RENITA HOLLINS
          Trial Attorney

Attorneys for the Secretary of Labor,
 United States Department of Labor,
 Office of the Solicitor